**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: December 21, 2023
Date Decided: January 2, 2024

Stephen C. Norman, Esquire
Aaron R. Sims, Esquire
POTTER ANDERSON & CORROON LLP
1313 North Market Street
Hercules Plaza, 6th Floor
Wilmington, Delaware 19801

P. Clarkson Collins, Jr., Esquire
K. Tyler O'Connell, Esquire
Albert J. Carroll, Esquire
R. Erick Hacker, Esquire
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801

Edwin J. Harron, Esquire
James M. Yoch, Jr., Esquire
Kevin P. Rickert, Esquire
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
1000 North King Street
Rodney Square
Wilmington, Delaware 19801

William M. Kelleher, Esquire
Neil R. Lapinski, Esquire
Phillip A. Giordano, Esquire
GORDON, FOURNARIS &
MAMMARELLA, P.A.
1925 Lovering Avenue
Wilmington, Delaware 19801

Re: *Deutsche Bank AG v. Devon Park Bioventures, L.P., et al.*,
C.A. No. 2017-0822-SG

Dear Counsel:

This brief Letter Opinion resolves a request for an interlocutory appeal. Before me is the motion of Plaintiff Deutsche Bank AG ("Deutsche") for a partial final judgment or, in the alternative, certification of an interlocutory appeal of my Memorandum Opinion of October 31, 2023 (the "Opinion"), under Supreme Court

Rule 42.[1]  Because the request to certify is subject to expedited review, I address it here, and reserve on the Motion for Partial Final Judgment, which I consider submitted herewith and which I will resolve separately.

This matter involves, *inter alia*, Deutsche's attempt to collect a judgment by attaching interests of its debtor, Sebastian Holdings, Inc. ("SHI"), in a Delaware limited partnership, Devon Park Bioventures, L.P. ("Devon LP").  SHI has transferred its interest in Devon LP (the "Devon Interest") to another entity, CPR Management, S.A. ("CPR").  SHI is a citizen of the Turks and Caicos Islands, CPR is Panamanian.  Deutsche seeks to set aside any transfer of SHI's Devon Interest to CPR as a fraudulent transfer designed to defeat satisfaction of Deutsche's money judgment, and to impose a charging order on SHI's Devon Interest, in its favor. Devon LP has a sum representing the distribution due to the partnership interest currently or formerly held by SHI deposited in a bank account in Pennsylvania; this Court has imposed an order restraining Devon LP from releasing those funds pending resolution of the question of who owns the Devon Interest.

In an earlier Memorandum Opinion (the "2021 Opinion"),[2] I concluded that the interest of SHI and CPR in Devon LP, a Delaware limited partnership, was

---

[1] The parties contest whether the proposed interlocutory appeal is timely.  Consistent with my understanding of my role under Supreme Court Rule 42, I do not address this dispute.
[2] *Deutsche Bank AG v. Devon Park Bioventures, L.P.*, 2021 WL 2711472 (Del. Ch. June 30, 2021).

2

insufficient to confer *in personam* jurisdiction over these entities and to apply the Delaware Fraudulent Transfer Statute[3] to them in a Delaware court. The Opinion under consideration here considered whether, nonetheless, I may allow a procedure *in rem* against the partnership interest, on Plaintiff's theory that such an interest is located in the state in which the limited partnership was formed. Plaintiff asserted that the charging order statute provided at least *in rem* jurisdiction over a Delaware partnership interest for the purpose of imposing a charging order.[4] The parties squared off on the location of the intangible interest in a limited partnership, a question that appeared to be of first impression. I did not reach this question, however. That is because any charging order would require litigation of the underlying fraud claim. SHI caused Devon LP to transfer the partnership interest to CPR. If that transfer was fraudulent, presumably, it can be set aside, but due process would require CPR's interest to be represented in the litigation of that issue. I had already determined in the 2021 Opinion that the Court lacked jurisdiction over SHI and CPR. I found that Plaintiff's proposed *in rem* proceeding would be "simply a backdoor way of obtaining jurisdiction over CPR in the substantive fraud litigation."[5] Therefore, under the Opinion, Deutsche cannot proceed to vindicate its

---

[3] Del. Unif. Fraudulent Transfer Act, 6 *Del. C.* §§ 1301, *et seq.*
[4] 6 *Del. C.* § 17-703.
[5] *Deutsche Bank AG v. Devon Park Bioventures, L.P.*, 2023 WL 71559921, at *1 (Del. Ch. Oct. 31, 2023).

3

judgment against SHI in this litigation via a charging order against the Devon Interest.[6]

That did not conclude the litigation, however. Deutsche has brought fraud and conspiracy claims against Devon LP itself in connection with the transfer of the Devon Interest from SHI to CPR. Thus, the main relief Deutsche seeks in the litigation has been stymied by my determination that jurisdiction is absent. Notwithstanding this, the allegations by Deutsche against Devon LP remain to be litigated.

Piecemeal appeals are inefficient and highly disfavored by our Supreme Court. They are cognizable only in exceptional instances where circumstances demonstrate that appeal may provide benefits that outweigh the substantial costs of the appeal.[7] A trial court presented with a request to certify an interlocutory appeal must consider whether:

> (A) The interlocutory order involves a question of law resolved for the first time in this State; (B) The decisions of the trial courts are conflicting upon the question of law; (C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order; (D) The interlocutory order has sustained the controverted jurisdiction of the trial court; (E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was

---

[6] I did not definitively exclude the possibility of some relief via charging order. I expressly indicated that I would consider a conditional charging order against any interest of SHI, the judgment debtor, upon proper motion. *Deutsche Bank AG*, 2023 WL 71559921, at *9.

[7] Supr. Ct. R. 42(b)(ii).

4

taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice; (F) The interlocutory order has vacated or opened a judgment of the trial court; (G) Review of the interlocutory order may terminate the litigation; or (H) Review of the interlocutory order may serve considerations of justice.[8]

In reviewing these considerations, I find that the Opinion is not suitable for interlocutory appeal. My findings in the 2021 Opinion and in the Opinion itself have certainly curtailed Deutsche's ability to vindicate its judgment, at least in this jurisdiction. One cannot help being sympathetic to Plaintiff's decade-long multi-jurisdictional quest to vindicate its judgment, frustrated (according to Plaintiff) by the machinations of Vik *pere et fils*[9] and entities affiliated with those gentlemen.[10] Set against this is the strong disinclination of our Supreme Court to the inefficiencies of piecemeal litigation. If the Opinion had turned on the resolution of the locus of a partnership interest under Delaware law, for purposes of applying a charging order on the partnership, some of the factors mandated by rule might be applicable. But the Opinion turned instead on lack of *in personam* jurisdiction over CPR for the underlying predicate question of who owns the Devon Interest. This is not a novel question; the legal path to resolution of questions of personal jurisdiction is well-

---

[8] Supr. Ct. R. 42(b)(iii).

[9] Alexander Vik, Sr. and Alexander Vik, Jr. Vik Jr. controls SHI; Vik Sr. controls CPR.

[10] Mitigating this is the possibility of a conditional charging order against the Devon Interest, if any, of the judgment creditor. *See* n.6, *supra*. Deutsche has not sought, and I have not considered, whether such an order is contemplated by the statute.

worn. If I have wandered astray, that may be resolved by appeal, but does not qualify the matter for interlocutory appeal under Rule 42.

I have attached an Order in the form mandated by Rule 42(c)(4) and Official Form L.

Sincerely,

*/s/ Sam Glasscock III*
Vice Chancellor

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY**

DEUTSCHE BANK AG,  )
                                       )
        Plaintiff,  )
                                       )
   v.  )
                                       )  C.A. No. 2017-0822-SG
DEVON PARK BIOVENTURES, L.P., DEVON  )
PARK ASSOCIATES, L.P., SEBASTIAN  )
HOLDINGS, INC., and UNIVERSAL LOGISTIC  )
MATTERS, S.A.,  )
                                       )
        Defendants.  )
                                       )
DEVON PARK BIOVENTURES, L.P.,  )
                                       )
        Counterclaim-Plaintiff,  )
                                       )
   v.  )
                                       )
DEUTSCHE BANK AG,  )
                                       )
        Counterclaim-Defendant,  )
                                       )
  and  )
                                       )
SEBASTIAN HOLDINGS, INC. and UNIVERSAL  )
LOGISTIC MATTERS, S.A.,  )
                                       )
        Cross-Claim Defendants.  )
                                       )

**ORDER DENYING LEAVE TO APPEAL FROM INTERLOCUTORY
ORDER**

This second day of January, 2024, the Plaintiff Deutsche Bank AG having

made application under Rule 42 of the Supreme Court for an order certifying an

appeal from the interlocutory order of this Court dated October 31, 2023; and the Court having found that such order determines a substantial issue of material importance that merits appellate review before a final judgment, but that none of qualifying criteria of Supreme Court Rule 42(b)(iii) applies;

IT IS ORDERED that the certification of the Court's ruling of October 31, 2023, to the Supreme Court of the State of Delaware for disposition in accordance with Rule 42 of that Court is DENIED.

/s/ Sam Glasscock III
Vice Chancellor